UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREGORY DAIGLE AND SHELIA DAIGLE<br>*Plaintiffs* | * * * * | CIVIL ACTION No. |
| VERSUS | * * * | JUDGE: |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY<br>*Defendant* | * * * * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*   \*

### LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
### NOTICE OF REMOVAL

Liberty Mutual Fire Insurance Company ("Liberty") respectfully submits this Notice of Removal. In support of this Notice of Removal, Liberty states as follows:

### INTRODUCTION

1. On July 17, 2023, Plaintiffs, Gregory and Shelia Daigle, filed the Petition for Damages ("Petition"), in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana. *See* State Court record, attached as Exhibit A, *in globo*.

2. Plaintiffs own and reside at the residential property located at 407 Rue Grand Chene, in Thibodaux, Louisiana 70301. *See* Exhibit A, Petition at ¶3.

3. Plaintiffs are domiciled in Lafourche Parish. *See* Exhibit A, Petition for Damages at Introduction.

4. The Petition asserts that Plaintiffs' property was damaged as a result of Hurricane Ida. *See* Exhibit A, Petition at ¶4 and 5.

5. Plaintiffs allege that Liberty issued a policy of insurance that provides coverage for the alleged property damage. *See* Exhibit A, Petition at ¶6.

6. Liberty Mutual Fire Insurance Company, an underwriting company of Liberty Mutual Insurance Company, issued homeowners property policy no. H3229105717460 ("the Policy") to Plaintiffs, Gregory Daigle and Sheila Daigle, *See* Policy Declarations, attached as Exhibit C-1.

7. The Petition names Liberty, a non-Louisiana citizen, as the only Defendant. *See* Exhibit A, Petition at ¶1.

8. This action was filed in the 17th Judicial District Court for Lafourche Parish, State of Louisiana, captioned *Gregory Daigle and Shelia Daigle vs. Liberty Mutual Fire Insurance Company*, Docket No. H-147623, Div. "E."

9. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount-in-controversy for Plaintiff's claim exceeds the sum of $75,000, exclusive of interests and costs.

10. The 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, is a state court within the Eastern District of Louisiana.

11. Plaintiffs are domiciled in Lafourche Parish, State of Louisiana, which is within the Eastern District of Louisiana. *See* Exhibit A, Petition at Introduction.

12. Liberty has attached all pleadings filed in the record of the state court proceeding. *See* Exhibit A, *in globo*.

### REMOVAL IS TIMELY

13. This notice of removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in

> court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> [If] the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

14. On July 26, 2023, Liberty was served with Plaintiffs' Petition, which alleges compensatory damages in addition to bad faith penalties and attorneys' fees pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.

15. This removal is being filed within thirty (30) days of service of the Petition on Liberty. 28 U.S.C. § 1446.

16. Plaintiffs filed the Petition on July 17, 2023, so the original Notice of Removal is being filed within one year of commencement of the action. *See* Exhibit A.

## DIVERSITY JURISDICTION

17. The Court has original diversity jurisdiction over Plaintiffs' claims because the parties are completely diverse and because Plaintiffs seek damages in excess of $75,000, as demonstrated by Plaintiffs' invoices and estimate of repairs. *See* Exhibits C, C-2, C-3, and C-4,.

### *The Parties Are Completely Diverse*

18. Plaintiffs own and reside at the residential property located at 407 Rue Grand Chene, in Thibodaux, Louisiana. *See* Exhibit A, Petition at ¶3.

19. Plaintiffs are also domiciled in the Parish of Lafourche, State of Louisiana. *See* Exhibit A, Petition at Introduction.

20. Accordingly, Plaintiffs are citizens of Louisiana.

21. Liberty is a nongovernmental corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Boston, Massachusetts. *See* Liberty's Louisiana Department of Insurance Profile, attached as Exhibit B. Accordingly, Liberty is a citizen of Wisconsin and Massachusetts for purposes of diversity jurisdiction.

*** The Amount in Controversy Exceeds $75,000 ***

22. Liberty, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing parties can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54.

23. Under Fifth Circuit precedent, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

24. Plaintiffs estimate their alleged damages under the dwelling and other structures coverages at $166,523.23 – $11,111.27 from the Enviro-Clean estimate, $119,273.49 from the R.L. Carter estimate for dwelling, $19,591.82 from the R.L. Carter estimate for other structures, and $16,546.65 in additional dwelling repairs from the Sonnier Construction estimate. *See* Exhibits C-2, C-3, and C-4.

25. Liberty's records indicate that to date, Liberty has paid $113,547.36 under the dwelling and other structures coverages. *See* Declaration of Benjamin Smith, attached as Exhibit C.

26. The Policy's deductible is $4,068.00. *See* Policy Declarations, attached as Exhibit C-1.

27. Even when prior payments ($113,547.36) and the deductible ($4,068) are taken into account, there remains $48,907.87 in dispute under the insurance contract based on the numbers already provided to Liberty.

28. Plaintiffs' Petition seeks additional payments under the Policy as well as bad faith penalties and attorneys' fees.[1] *See* Exhibit A, Petition at ¶14.

29. Penalties and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins*. Co., 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Malone v. Scottsdale Ins. Co.*, No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) ("Claims for attorney's fees and penalties that may be awarded pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied."); *Randall v. State Farm Fire & Cas. Co*., No. 11-1358, 2011 WL 3204705, at *2 n. 17 (E.D. La. July 27, 2011).

30. Under Louisiana law, bad faith penalties are assessed in accordance with Louisiana Revised Statutes 22:1892 and 22:1973.

31. The penalty assessed under Louisiana Revised Statute 22:1973 when an insurer has breached its statutory duty of good faith and fair dealing is to be "an amount not to exceed ***two times the damages*** sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C) (emphasis added).

32. The penalty assessed under Louisiana Revised Statute 22:1892 when an insurer is ***fifty percent*** of the difference between the amount paid and the amount found to be due, as well as attorneys' fees. La. R.S. 22:1892(B)(1) (emphasis added).

---

[1] Liberty specifically denies that any bad faith penalties or attorney fees are owed.

33. A 50% penalty of $48,907.87 under La. R.S. 22:1892 is $24,453.94, swelling the amount in controversy to $73,361.81 before consideration of attorneys' fees and/or general damages under La. R.S. 22:1973.

34. A standard 1/3 attorneys' fee on $48,907.87 is $24,453.94 (1/3 of $48,907.87 + $24,453.94), swelling the amount in controversy to $97,815.74.

35. Accordingly, when Plaintiffs' claims for bad faith penalties, damages, and fees under La. R.S. 22:1892 and La. R.S. 22:1973 are taken into account, as they must be for removal purposes, the amount in controversy exceeds $75,000. Removal of this matter to federal court is proper under 28 U.S.C. § 1441.

## CONCLUSION

36. In sum, there exists complete diversity of citizenship between Plaintiffs, on the one hand, and Liberty, on the other, and the amount-in-controversy exceeds $75,000. These facts confer upon this Court original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Accordingly, Liberty respectfully requests that this Court assume full jurisdiction over this cause as provided by law.

                                                Respectfully submitted,

*/s/ Luke M. Donovan*
H. Minor Pipes, III, 24603
Patrick J. Lorio, 38328
Luke M. Donovan, 37451
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
mpipes@pipesmiles.com
plorio@pipesmiles.com
ldonovan@pipesmiles.com

*Attorneys for Defendant, Liberty Mutual Fire Insurance Company*